[Cite as *Chapel Real Estate Co. v. Burris*, 2016-Ohio-7550.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| CHAPEL REAL ESTATE COMPANY, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-136** |
| SANFORD A. BURRIS, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2013 CV 002245.

Judgment: Affirmed.

*Shannon M. Cianciola*, and *Francis P. Manning*, Manning & Manning Co., L.P.A., 6982 Spinach Drive, Mentor, OH 44060 (For Plaintiff-Appellee).

*Robert D. Wilson*, Robert D. Wilson Co., L.P.A., 16716 Chillicothe Road, Suite #100, Chagrin Falls, OH 44023-4594 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Sanford A. Burris, appeals the denial of his Civ.R. 60(B) motion for relief from an earlier money judgment, based on a cognovit clause in a lease guaranty. He primarily asserts that the trial court erred in concluding that he does not have a meritorious defense. For the following reasons, the judgment is affirmed.

{¶2} Appellant is the sole owner of Quantum Research, LLC. In early 2012, he negotiated an agreement on behalf of his company to lease a building and property

owned by appellee, Chapel Real Estate Company. During negotiations, Bill Chapel acted as appellee's representative.

{¶3} On February 23, 2012, appellant sent Chapel an e-mail, raising six issues regarding the proposed lease. Under one issue, he stated: "I will personally guarantee the first 12 months of the lease." In his responding e-mail, Chapel indicated that he did not have any problems with "most" of appellant's requests, but he still wanted to discuss certain matters over the phone. According to appellant, even though the two men had subsequent discussions about the terms of the lease, no further discussions were had on the extent of the guarantee.

{¶4} Ultimately, Chapel and appellee prepared the lease agreement and the lease guaranty. Both documents were executed by the respective parties. Under the lease, Quantum Research rented the premises for two years, from March 1, 2012 until February 28, 2014, at $2,500 a month, with a $2,500 security deposit. In relation to default, the agreement provides:

{¶5} "If Tenant defaults in the payment of Rent or other charges and such payment is not made within five (5) days after the same are due, or in the performance of any other of Tenant's obligations hereunder and Tenant fails to remedy such default within ten (10) days after written notice from Landlord * * *, Landlord shall have the right to exercise any and all rights or remedies available to Landlord at law, in equity or otherwise, arising from such default, including but not limited to the right to terminate this Lease, or to enter upon the Premises without terminating this Lease and relet the Premises in Landlord's name for the account of Tenant for the remainder of the term at the highest rent then obtainable and *immediately recover from Tenant any deficiency for the balance of the term*, plus expenses of reletting, or any time after such default and

2

the lapse of any applicable notice period, to make such payments in default or perform such act in default for the account and at the expense of Tenant, and all sums so paid by Landlord, including reasonable attorney fees, and all other sums payable by Tenant to Landlord hereunder shall accrue interest at the rate of two percent (2%) above the prime lending rate, * * *."  (Emphasis added.)

{¶6}     At the same date, appellant executed the lease agreement on behalf of Quantum Research, he signed the lease guaranty in his personal capacity.  The lease guaranty states:

{¶7}    "1. Guarantors hereby, jointly and severally, personally guarantee to Landlord, and Landlord's successors and assigns, the prompt payment of rent and other sums of money and the full performance of the covenants and agreements to be made and performed by Tenant under the lease *for the term of one (1) year only*.  If Tenant shall at any time and in any manner default in the payment of rent and other sums or charges to be paid by Tenant under the Lease, and such default is not fully cured within ten (10) days of the occurrence thereof, then upon written notice, Guarantors shall immediately (i) pay to Landlord all of said rent and other charges, (ii) fully satisfy such covenants and agreements, and (iii) pay to Landlord the amount of damages and expenses incurred by Landlord by reason of such default."  (Emphasis added.)

{¶8}     After paying the initial security deposit, Quantum Research timely made all monthly rent payments during the first year of the two-year lease.  However, beginning in March 2013, the company did not make any further rent payments.  Accordingly, in October 2013, appellee filed a cognovit complaint against appellant in the Lake County Court of Common Pleas.  Under its sole claim, appellee maintained that the lease guaranty, as signed by appellant, had a warrant of attorney to confess judgment.  Thus,

in light of Quantum Research's default, the complaint alleged that appellant was liable for the final year of rent, $2,250 in late fees, and attorney fees.

{¶9} On the same day the cognovit complaint was filed, the trial court issued a final judgment ordering appellant to pay appellee the sum of $32,250, plus interest and costs. The judgment further ordered him to pay $1,100 in attorney fees.

{¶10} Approximately eleven months after issuance of the money judgment, appellant moved for relief from judgment under Civ.R. 60(B). First, he asserted that he could not be held liable for the second year of rent payments because the guaranty covers the first year of the lease agreement only. In support, appellant attached to the motion a copy of the e-mail he sent to Bill Chapel during the negotiations. Second, he contended that, even if he were responsible for the second year under the guaranty, he still could not be found liable for the entire year of rent because appellee filed the case in October 2013, four months before the lease termination. Based upon this, he argued that appellee failed to mitigate its damages by finding a replacement tenant. Third, appellant submitted that appellee's calculation of damages was incorrect because it did not account for the unreturned security deposit.

{¶11} During the evidentiary hearing, appellant testified that no further negotiations were had as to the length of his guaranty after he sent the e-mail stating that he was only willing to guarantee the first year of rent payments.

{¶12} Ultimately, the trial court ruled in appellant's favor on his third argument; i.e., the court concluded that appellee was only entitled to recover eleven months of unpaid rent because Quantum Research's security deposit was not returned. Therefore, the trial court amended its original judgment to only award appellee the sum of $29,500, covering the unpaid rent and the late fees. The award of attorney fees was

4

not modified. As to appellant's first two arguments, the court denied his request for 60(B) relief. First, the trial court held that the language of the guaranty did not support appellant's contention that he was only personally obligated to pay the first year of the lease; thus, appellant's testimony regarding the e-mail was inadmissible under the parol evidence rule. Second, the court concluded that, even though appellee filed the underlying action before the two-year term ended, the provisions of the lease still gave appellee the ability to recover "any deficiency" in rent payments from appellant as guarantor for the Quantum Research.

{¶13} In appealing the 60(B) determination, appellant asserts three assignments of error:

{¶14} "[1.] The trial court erred by not granting appellant's motion for relief from judgment vacating the cognovit judgment against appellant in its entirety.

{¶15} "[2.] The trial court erred by granting appellant's motion for relief from judgment only reducing the cognovit judgment awarded against appellant to $29,500, instead of recovery to the date of filing the action being a maximum of seven months' rent (April 2013 through October 2013) of $2,500.00 per month totaling $17,500.00.

{¶16} "[3.] The trial court erred by awarding $1,100 for attorney fees against appellant."

{¶17} Under his first assignment, appellant maintains that the trial court erred in finding him liable for unpaid rent during the final eleven months of the lease. He argues that the applicable term obligates him to pay rent payments not made during the first year of the lease only. He further contends that this interpretation is supported by the wording of the guaranty and his testimony concerning his e-mail to Bill Chapel.

{¶18} "Civ.R. 60(B) applies to relief from all judgments, including cognovit

5

judgments. *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 316 N.E.2d 469, paragraph one of the syllabus. In general, to prevail on a motion for relief from judgment brought pursuant to Civ.R. 60(B), 'the moving party must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time[.]'" *Cuyahoga Support Enforcement Agency v. Guthrie*, 84 Ohio St.3d 437, 440, 1999 Ohio 362, 705 N.E.2d 318, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113.

{¶19} "However, this test is modified when a party is seeking relief from a cognovit judgment. Because the judgment debtor is not afforded notice or the opportunity to answer the complaint prior to the entry of a cognovit judgment, the judgment debtor is not required to show entitlement to relief under one of the specific grounds listed under Civ.R. 60(B). *Nappi v. Cantagallo* (Nov. 24, 1995), 11th Dist. No. 95-A-0016, 1995 Ohio App. LEXIS 5169, at *4. 'Therefore, a party seeking relief from a cognovit judgment is only required to demonstrate the existence of a meritorious defense and that the motion is made within a reasonable time.'" *Natl. City Bank v. Rini*, 162 Ohio App.3d 662, 2005-Ohio-4041, ¶17-18 (11th Dist.).

{¶20} In this case, meritorious defense is at issue. Under the first argument of his motion, appellant asserted that the guaranty covers rent payment for the first year only. The language at issue states that appellant guaranties "the prompt payment of rent and sums of money" owed by Quantum Research "under the Lease for the term of one (1) year only."

{¶21} That language, however, does not restrict appellant's liability to the first

6

year of the lease. Instead, the phrase limits the duration of appellant's liability to "a term of one year only." It does not specify when the term falls.

{¶22} Furthermore, the second sentence of the guaranty's first term states that if Quantum Research defaults "at any time" and does not cure the default within ten days, appellant becomes immediately liable for the unpaid rent. The phrase "at any time" does not limit the guarantee to the first year of the lease.

{¶23} As a general proposition, parol evidence is only admissible to explain the meaning of a contract term when the language of the term is unclear. *Schraff & King Co., L.P.A. v. Casey*, 11th Dist. Lake No. 2012-L-010, 2012-Ohio-5829, ¶25, quoting *Barnes v. Barnes*, 5th Dist. Stark No. 2003CA00383, 2005-Ohio-544, ¶18. But if the wording of a term is unambiguous, the words must be construed in accordance with their plain and common meaning. *Id.* In this case, the lack of ambiguity in the guarantee renders appellant's statements as to intent inadmissible.

{¶24} The first assignment of error lacks merit.

{¶25} Under his next assignment, appellant submits that, even if his guarantee covers the relevant time period, he should only have been held liable for unpaid rent from April 2013 until October 16, 2013, the date appellee instituted the underlying case. He argues that the lease between Quantum Research and appellee did not have an "acceleration" clause, and that any unpaid rent accruing after October was speculative because appellee could have found a new tenant for the leasehold.

{¶26} The trial court concluded that the lease has an acceleration clause. The court relied on language from the previously quoted default term stating that, upon default, appellant could "immediately recover from Tenant any deficiency for the balance of the term * * *." The use of "immediately" gives appellee the right to

7

accelerate payment of any rent it could not recoup as a result of leasing the premises to a new tenant.

**{¶27}** Appellant further argues that appellee was not entitled to recover rent for the period after October 16, 2013 because it failed to prove it attempted to mitigate its damages by seeking a new tenant. Under Ohio law, a landlord has an implied duty to mitigate the damages it sustains as a result of a breach of the lease. *Frenchtown Square Partnership v. Lemstone, Inc.*, 99 Ohio St.3d 254, 2003-Ohio-3648, ¶20. But the failure to mitigate damages is considered an affirmative defense for which the tenant has the initial burden of proof. *Manor Park Apts., LLC v. Delfosse*, 11th Dist. Lake No. 2006-L-036, 2006-Ohio-6867, ¶17.

**{¶28}** Regarding the "mitigation" issue, the trial court held that appellant was not entitled to 60(B) relief because he failed to submit any evidence substantiating his claim as to the lack of mitigation. The record supports the trial court's holding. The partial transcript of the evidentiary hearing before us consists solely of appellant's testimony, during which he did not address mitigation.

**{¶29}** Citing *Tokai Financial Services, Inc. v. Mathews*, 11th Dist. Lake No. 95-L-098, 1995 Ohio App. LEXIS 5163, *5 (Nov. 24, 1995), the dissent concludes the lease's acceleration clause is unenforceable because the contract does not contain a mitigation clause. However, this was not raised before the trial court or on appeal. More importantly, the duty to mitigate is implied by law, *Frenchtown Square Market*, *supra*. Accordingly, requiring it in writing serves no purpose. Therefore, to the extent that *Tokai Financial Services* is inconsistent with *Frenchtown Square Market*, it is expressly overruled.

**{¶30}** Given that the lease has an acceleration clause and appellant did not

carry his burden of proof on mitigation, appellee was entitled to damages covering the remainder of the lease. As appellant did not establish a meritorious defense, his second assignment lacks merit.

{¶31} Under his final assignment, appellant maintains that the trial court erred in awarding attorney fees to appellee as part of the cognovit judgment. However, in filing his Civ.R. 60(B) motion for relief from that judgment, appellant did not raise this specific issue. As a result, he has waived the right to assert the issue on appeal. *See Whitaker v. Paru Salvam, LLC*, 2d Dist. Montgomery Nos. 26103 and 26108, 2014-Ohio-3263, ¶49. Thus, the third assignment is without merit.

{¶32} The judgment of the Lake County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, P.J., concurs,

DIANE V. GRENDELL, J., concurs in part and dissents in part, with a Dissenting Opinion.

_____

DIANE V. GRENDELL, J., concurs in part and dissents in part, with a Dissenting Opinion.

{¶33} While I concur with the majority's analysis and judgment as to the first and third assignments of error, I dissent on the second assignment of error. Since the acceleration clause contained in the lease lacks an accompanying mitigation requirement, the clause cannot be enforced to justify an award of damages to Chapel Real Estate and reversal is warranted on this issue.

{¶34} The majority holds that, since the lease has an acceleration clause and the appellant did not prove that Chapel, the landlord, failed to mitigate its damages, the

9

trial court's award was proper. Whether a lack of mitigation was proven, however, need not be considered since it is not determinative in this case. Upon a finding that the lease could not be accelerated, the award of the damages upheld by the majority becomes impermissible.

{¶35} There was no dispute that the lease contained an acceleration clause but had no term requiring Chapel to mitigate its damages. This court has held that an acceleration clause is enforceable when it is accompanied by a mitigation clause, which assures "a rational relationship between the impact of the acceleration clause and the actual damages sustained." *Tokai Fin. Servs. v. Mathews*, 11th Dist. Lake No. 95-L-098, 1995 Ohio App. LEXIS 5163, 6 (Nov. 24, 1995). *Also Graines v. Y.D.C. Corp.*, 11th Dist. Lake No. 2000-L-053, 2001 Ohio App. LEXIS 2141, 9 (May 11, 2001) (Grendell, J., dissenting) (applying *Tokai* to support the trial court's correct conclusion that the acceleration clause was invalid as a matter of law on the grounds that such clauses are valid only when they provide that the lessor must mitigate his damages). Similar conclusions have been reached by other appellate districts as well, emphasizing that acceleration clauses lacking an accompanying obligation to minimize damages are "not enforceable as a matter of public policy." *Information Leasing Corp. v. Chambers*, 152 Ohio App.3d 715, 2003-Ohio-2670, 789 N.E.2d 1155, ¶ 44 (1st Dist.); *see also Frank Nero Auto Lease, Inc. v. Townsend*, 64 Ohio App.2d 65, 71, 411 N.E.2d 507 (8th Dist.1979).

{¶36} The majority contends that *Tokai* should be reversed, under the authority of *Frenchtown Square Partnership v. Lemstone, Inc.*, 99 Ohio St.3d 254, 2003-Ohio-3648, 791 N.E.2d 417. *Tokai*, however, is not inconsistent with *Frenchtown*. *Frenchtown* did not rule upon whether an acceleration clause must be accompanied by

10

a mitigation clause, the key matter at issue here. Importantly, *Tokai* and other cases cited above specifically recognized that, under common law, a commercial landlord had a duty to mitigate damages, the same holding that was subsequently reached in *Frenchtown*. Even when recognizing that this duty existed independent of a requirement for mitigation in the contract, *Tokai* still required the inclusion of a mitigation clause to accompany the acceleration clause. This is based, in part, upon the principle outlined above, protecting the lessee and ensuring "a rational relationship between the impact of the acceleration clause and the actual damages sustained." *Tokai* at 6. The majority's analysis does not provide sufficient or convincing grounds to overturn the established precedent of this court, as "judicial precedents should not be lightly disregarded." *Cleveland v. Luttner*, 92 Ohio St. 493, 498, 11 N.E. 280 (1915) (Jones, J., dissenting).

{¶37} In the absence of a valid, enforceable acceleration clause, Chapel was not entitled to receive the rent that was due after the date the present action was filed. It follows, then, that it was unnecessary for appellant to prove that Chapel failed to mitigate its damages since it cannot recover damages for the remainder of the lease.

{¶38} For the foregoing reasons, I respectfully dissent as to the second assignment of error and would reverse the award of rent given under the invalid acceleration clause. On the remaining assignments of error, I concur.